Billy C. Wilkins #817648
1050 W. Commerce
Brownwood, Tex. 76801

39,583 - 39, 40

In re: Ex parte Billy C. Wilkins
    WR-39,583-39
    Trl. Ct. No. 13,872-AG

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 06 2015

Abel Acosta, Clerk

SHARON KELLER, Presiding Judge:

For many many years I've came to you in reference to this case. I come before you again complaining about not receiving fair treatment when over and over I've shown your court that I am innocent of the crime in which I was convicted. In 13872-B filed on 07/31/2000 were exhibits of the investigation report conducted by deputy sheriff Vance Hill. This report states, the complainant saw a white male a Dodge pickup at her house. This white male was walking in front of this pickup with guns in his hands. The white male dropped the guns in front of the pickup got into the drivers seat and drove away. This report says she pursued the surpect south on 279 to Grosvenor area and down some country roads. She lost this vehicle in the southeastern portion of Coleman County. She said this vehicle was gray in color with a maroon bottom. This complainant even manage to get the LP off the surpect vehicle. A short time later. A short time later from what? Bobby Grubbs located the suspect vehicle. He dosn't describe this vehicle he located. The report say the described surpect was driving the vehicle. I was not identified as being the described surpect. Yes, I am a white male but that dosn't describe me as the surpect. The report says, No identifiable prints were located on a TV, in the house or an any weapons disturbed. The report merely mentions when I was arrested officers did locate an RCA VCR and a digital satellite system receiver. However the report does not indicate where the officers located these items.

Ok, at that time I did not have a copy of the State's arrest affidavit called a complaint. Scott Steele the defense lawyer did not provide me with any material sought through discovery. It was 2001 a Ruby Lee Smith mailed to me while I was at Bill Clements Unit in Amarillo a copy of the States arrest affidavit of Larry Dale Smith, I admit, I did not know what it ment. A inmate looked at it and gave me homer What he seen I did not know, I just didn't have $1/2$ 500.⁰⁰ to find out. By the file stamp on that complaint I wrote to Ronnie Lappe and request any complaint files against me by the State. When I received it, I went into shock. It was the same identical copy as Larry Dale Smith's. Knowing that the indictment had been dismissed against Larry in 1995, I was entitled the same relief. I still did not understand what was wrong but I was researching. Because I had wrote Scott Steele asking him for a copy of the complaint but what he sent me wasn't any complaint. In 2006 I wrote Scott again he answered and sent to me Peterson v. State 781 S.W. 2d 933 (Tex. Crim. App. 1989); State v. Martin 833 S.W. 2d 129 (Tex. Crim. App. 1992). I did the very best I could and wrote up 13,872-J. Your court was going to dismiss the case. Jan Brown the District Court Clerk told me because I left one thing out of that application your court dismissed the application and gave a order for writ abuse. Since that date I have fought hard at trying to get a hearing on Actual Innocence and your clerk denies each and ever application. In the arrest affidavit (Complaint) Assistant District Attorney Craig Willingham the one who framed the complaint lied and added in the investigation information by stating, "Located in the vehicle was a VCR and a digital satellite receiver." NOT what is stated in the investigation report. However, the affiant Vance Hill does not charge that I commit any burglary. So Craig omits the facts surrounding the offense that's suppose to inform me about what I was suppose to have done to

commit this burglary and implied the pleading charging me with burglary Penal Code §30.02(a)(3). By amending this complaint for the arrest Craig Willingham was the accuser for the burglary then I was prosecuted by the same District Attorney's Office for committing this crime. Because the indictment tracks the same language as Craig charged in the complaint causes a unconstitutional indictment. The trial court lacked jurisdiction to adjudicate the guilt and sentence me to 99 years imprisonment. Such facts were just presented to your court in Application 13-872-AG and you Clerk denied to present it to your court for a review all because of the order for writ abuse. Then this absolutely makes Judge ACALA a Lier'. Read your Courts Opinion in Ex parte Sledge, 2013 Tex. Crim. App. LEXIS 156 (Tex. Crim. App. January 16, 2013). The majority opinion drew a well reasoned dissent from Judge Alcala who concluded that the Court had jurisdiction to address applicant's subsequent writ because (1) the requirements governing subsequent writs do not apply to a claim that the trial court lacked jurisdiction and, alternatively, (2) if those requirements do apply, a jurisdictional claim raises a Constitutional violation that satisfies the procedural requirements so as to permit review.

Also see Ex parte Elizondo, 947 S.W. 2d 202 (Tex. Crim. App. 1996). A claim of actual innocence is not a constitutional violation within itself, but it is a gateway a petitioner must pass to have his otherwise barred constitutional claims heard on their merit.

The Court granted relief in Sledge's applicant's non-

subsequent companion application because the trial court lacked jurisdiction.

Application 13,872-AG, WR-39,583-39 was just such an application. Big bold letters on the front page NON-SUBSEQUENT COMPANION APPLICATION.

Why am I not entitled to a denovo review concerning the complaint's question of law, and the indictment's question of law? Must I bring a Civil Action Lawsuit against the Court of Criminal Appeals for publishing lies in there opinions of other cases reviewed?

A GUIDE TO ARTICLE 11.07 WRITS OF HABEAS CORPUS

CLINTON BRODEN
BRODEN & MICKELSEN

Paper by Michael F. Stauffacher, Supervising Attorney, Post-Conviction Writs, Court of Criminal Appeals

I ask this court upon its own Motion to order a denovo review of my application for a writ of habeas corpus because of the complaint and indictment being a question of law.

Thank you for your time and help with this matter.
Respectfully yours,
Billy C. Wilkins